The Chief Justice delivered the opinion of the court.
The writ issued in this case does not specify the goods and chattels to be replevied. “ If Isaac Snedeker shall give you security to prosecute his complaint and to return his *213 .goods and chattels which Moses Quick, &c., took and unjustly detains,’ &c., 'then cause the same goods and chattels to be replevied,’ &c., ‘ and summon by good summoners the said Moses Quick that he be,’ ” &c. The defendant by his counsel has moved to quash the writ because essentially defective in not setting out the goods and chattels.
At common law a writ of replegiari facias issued out of the *Court of Chancery commanding the sheriff to [*180 deliver the things distrained to the owner, and afterwards to do justice in respect to the matter in dispute in his own •county court. The form of the writ as given by Fitzherbert (Nat. Brev. 155) varied in different cases, and without, it would seem, very satisfactory reason. “If,” says he, “a man take more live cattle than one beast, the writ is such —We command you that justly and without delay you •cause to be replevied the cattle of B. which D. took and unjustly detains, &c. But if he take but one live beast, the writ shall be: We command you that you cause to be replevied to B. his certain laboring beast or his ox, &c. And if a man take a dead chattel, the writ shall be : that you cause to be replevied to B. his goods and chattels, &c.' But if he take but one thing which is a dead chattel, then the writ shall be: ‘ that you cause to be replevied a certain net or a certain swarm of bees, or a certain iron of his mill, &c.’ ” The reason given for allowing the sheriff to command his bailiff by word to replevy the cattle, savors of a period somewhat remote, “for it may be,” says Fitzherbert 152, “ that the sheriff nor his bailiff cannot write, or that they may want such things wherewith they may write a warrant.” The use of this writ of replegiari facias has however been long since superseded by the procedure authorized by the statute of Marlbridge, 52, Hen. S, ch. 21: And the method now and for a long time practiced in England, is to proceed by complaint to the sheriff, who thereupon, security being first given to him, issues his warrant or precept directed to one of his officers, commanding him *214 to replevy the goods and deliver them to the plaintiff, and to summon the defendant to appear at the next county-court to answer the caption and detention. At the ensuing county court- the plaintiff is to levy his plaint and is to prosecute his suit there with effect and without delay, unless removed, as may be done by either of the parties, to the king’s bench or common pleas. The warrant or precept specifies the goods and chattels to be replevied. 2 Sellon’s pr. 246. Arch, forms, 406.
It would, however, be a work of curiosity rather than utility to seek farther the form of the writs in the English courts, as it has been -long since settled by our practice. The action of replevin in this state has always been commenced by writ; formerly issuing from the Court of Chancery, but since *181] the year 1795, from this court *or the courts of Common Pleas. The writs on the files of the clerk’s office of this court, of both ancient and modern times, so far as a very sufficient recent examination has extended, almost without exception, enumerate and specify the chattels to be replevied. In Q-riffith’s treatise, published in 1796, a form of a writ is given, erroneously omitting both the specification of the chattels and the command to summon the defendant to answer the caption and detention. Misled by this form, some practitioners have since omitted both, but both have been most usually inserted. And it may be safely affirmed, that the course of the court requires the enumeration of the articles to be replevied.
This form has convenience as well as long use to commend it. The difficulty of specifying all the articles, as supposed by the plaintiff’s counsel, can rarely occur. In cases of distress, the most common subjects of replevin, it will always be obviated by the inventory required by law to be made and furnished by the distrainor.
The form of the -writ used in the State of New York and referred to by the plaintiff’s counsel in Tidd’s appendix adapted to the practice of that state, is prescribed in their statute regulating replevin. 2 Dunlap’s practice, 876.
*215 The writ in the present case is in oar opinion defective, and ought therefore to be quashed. The appearance of the defendant, by his attorney, though it may cure an irregular service and even some defects in the process, cannot heal so radical a defect as is found here.
Writ quashed.